(Case No. 76-CV-020█ 

In Re Application of Aurea Hermania Aponte, Claimant, *v.* State Of Illinois, Respondent.

*Opinion filed January 31, 1978.*

Miller & Pomper, Attorneys for Claimant.

William J. Scott, Attorney General; Orisha Kulick, Assistant Attorney General.

Per Curiam.

This claim arises out of an incident that occurred on December 28, 1974. The Claimant, Aurea Hermania Aponte, wife of the deceased victim, seeks compensation pursant to the provisions of the "Crime Victims Compensation Act," hereafter referred to as the Act, (Ill. Rev. Stat., ch. 70, sec. 71, *et seq.*).

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the Claimant's deceased husband, Ignacio Aponte, age 44, was a victim of a violent crime as defined in §2 (c) of the Act, to wit: Murder (Ill. Rev. Stat., ch. 38, § 9-1).

2. That on December 28, 1974, the victim was shot by an unknown assilant while standing on the back porch of his apartment located at 853 West Barry, Chicago, Illinois. He was taken to Illinois Masonic Hospital where he later died.

3. That this claim complies with all pertinent provisions of the Act.

4. That the Claimant seeks compensation under the Act for funeral expenses and for loss of support.

5. That funeral and burial expenses were paid by the Claimant in the amount of $2,198.25.

6. The Claimant has incurred unreimbursed hospital expenses in the amount of $1,193.25.

7. The Claimant, Aurea Hermania Aponte and her minor children, Edgar Ignaclo Aponte, age 17, and Alexis Julio Aponte, age eight, were totally dependent upon the victim and relied on him completely for support.

8. That section 4 of the Act states ". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months imme-

diately preceding the date of the injury or on $500.00 per month, whichever is less."

9. That prior to his death, the victim was employed by the Chicago Transit Authority and his average monthly earnings prior to his death were $1,192.90.

10. That the victim was 44 years of age at the time of the crime, therefore, his work expectancy would have been 21 years. The projected loss of earnings for 44 years is in excess of $10,000.00 which is the maximum amount compensable under section 7(e) of the Act.

11. That sec. 7(d) of the Act provides for deduction of $200.00 plus the amount of benefits, payments or awards payable under the "Workmen's Compensation Act,"*(Ill. Rev. Stat., ch. 48, sec. [38] et. seq.)*, from any other source except annuities, pension plans, Federal Social Security benefits and the net proceeds of the first $25,000.00 of life insurance paid or payable to the Claimant.

12. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $10,000.00 maximum award allowed in sec. 7(e) of the Act.

13. The Claimant's interest would be best served if the award hereunder would be paid to her pursuant to the alternative provisions of sec. 8 of the Act.

It is therefore, hereby ordered that the sum of $10,000.00 be and is hereby awarded to Aurea Hermania Aponte, wife of Ignacio Aponte, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) Two thousand five hundred dollars in a lump sum within 30 days of the filing date herein.

(b) Fifteen equal monthly payments of $500.00 each with the first of said payments to be paid within 60 days of the filing date herein to be paid to Aurea Hermania Aponte for the use and benefit of her minor children, Edgar and Alexis.